UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEROY R. WHITTENBERGER,

        Plaintiff,

        v.         Case No. 23-C-1589

DANIEL LAVOIE,
BARRY DAUGHTRY,
MELISSA MCFARLANE,
KOREEN FRISK,
LISA PAYNE,
BRAD HOMPE,
EMILY DAVIDSON,
HOLLY GUNDERSON,
W. BROWN,
ROSLYN HUNEKE,
B. MULLER,
TAMMY STURMNESS,
RAY BURKHALTER, and
DANIEL WINKLESKI,

        Defendants.

## SCREENING ORDER

Plaintiff Leroy Whittenberger, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that numerous individuals violated his civil rights. On December 1, 2023, Whittenberger paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## Allegations of the Complaint

According to Whittenberger, on May 7, 2021, he injured his right knee. A few days later, he was assessed by Roy Burkhalter for complaints of severe knee pain. A request for an x-ray was denied by Daniel LaVoie. Whittenberger asserts that he remained in unbearable pain for at least a month. Following near constant complaints of pain, Lisa Payne referred Whittenberger to Barry Daughtry, who ordered an x-ray about six weeks later. Whittenberger asserts that the x-ray revealed a fracture of the tibial plateau. Daughtry then ordered an MRI. Whittenberger explains that six months passed without an MRI, during which time he was in agonizing pain. He asserts that Melissa McFarlane and Koreen Frisk lied to him, telling him that the MRI had been scheduled even though it had not been scheduled. Dkt. No. 1 at 2-3.

Whittenberger explains that he requested surgery, and Payne and Frisk informed him he was scheduled to see Dr. O'Brien in December 2022, but as of the time he filed his complaint he still had not seen Dr. O'Brien. Whittenberger asserts that health services managers Tammy Sturmness and Roslyn Huneke disregarded his requests for their help. He also asserts that W. Brown and B. Mueller "interfered with the ICRS process by rejecting ongoing medical issues" and turning a blind eye to the medical staff's deliberate indifference. He also asserts that Brad Hompe, Emily Davidson, Holly Gunderson, and Daniel Winklewski also turned a blind eye to the medical staff's deliberate indifference. He alleges that they also failed to provide adequate staff and maintained policies that interfered with his medical care. He states that they simply copy and paste decisions without investigation. Dkt. No. 1 at 4-6.

## The Court's Analysis

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly

3

inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

With that legal standard in mind, Whittenberger may proceed on Eighth Amendment claims against LaVoie and Daughtry based on allegations that they discounted his complaints of severe pain and failed to timely pursue diagnostic testing to determine the nature of his injury. He also states Eighth Amendment claims against McFarlane and Frisk based on allegations that they told him an MRI had been scheduled even though it had not been scheduled. Similarly, he states claims against Payne and Frisk based on allegations that they told him he was scheduled to see Dr. O'Brien in December 2022, an appointment that still had not occurred more than a year later. Development of the record is necessary to determine what McFarlane, Payne, and Frisk knew about the scheduling of these appointments and whether they bore any responsibility for scheduling them or for the delay in them occurring. Finally, Whittenberger states claims against health services managers Sturmness and Huneke based on allegations that they ignored his frequent requests that they address his pain and the delays in his medical treatment.

Whittenberger does not, however, state an Eighth Amendment claim against Burkhalter. According to Whittenberger, after examining Whittenberger's knee shortly after the injury, Burkhalter recommended that LaVoie order an x-ray, a recommendation that LaVoie refused to follow. "Section 1983 does not establish a system of vicarious responsibility," so Burkhalter is not liable for LaVoie's decision. *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009).

4

Whittenberger includes no additional factual allegations about Burkhalter's response to his injury from which the Court can reasonably infer that Burkhalter acted with deliberate indifference.

Nor does Whittenberger state a claim against Brown and Mueller based on allegations that they rejected his inmate complaints. As the Seventh Circuit has explained, dismissal (or rejection) of an inmate complaint "no more manifests 'deliberate indifference' to the underlying problem than does a judge's decision dismissing a § 1983 suit as barred by the statute of limitations." *Burks*, 555 F.3d at 595. Whittenberger includes no factual allegations about the basis for the inmate complaint examiners' rejections, so without more, the mere fact that they rejected his complaints is insufficient to state a claim. Similarly, Whittenberger does not state claims against Hompe, Davidson, Gunderson, or Winklewski. Whittenberger's complaint contains no allegations about who these individuals are or how they were involved in his care. To the extent they are high-ranking officials at the institution and in the Department of Corrections, the Seventh Circuit has explained that not everyone who knows about a problem is required to pay damages. "The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen." *Burks*, 555 F.3d at 595. Whittenberger alleges only that these officials "failed to provide adequate staff and maintained policies that interfered with his medical care," but he includes no factual allegations in support of these legal conclusions. As explained above, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

**IT IS THEREFORE ORDERED** that Burkhalter, Brown, Mueller, Hompe, Davidson, Gunderson, and Winklewski are **DISMISSED** from this action because Whittenberger fails to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Whittenberger's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on LaVoie, Payne, Daughtry, McFarlane, Frisk, Sturmness, and Huneke.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, LaVoie, Payne, Daughtry, McFarlane, Frisk, Sturmness, and Huneke shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Whittenberger is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Whittenberger may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 12, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7

Case 2:23-cv-01589-BHL   Filed 12/12/23   Page 7 of 7   Document 4